# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIKA COYETTE<br>7309 Brookhaven Road<br>Philadelphia, PA 19151 | : <br> : <br> : | <br><br>CIVIL ACTION NO. |
| Plaintiff | : | |
| vs. | : <br> : | JURY TRIAL DEMANDED |
| LANKENAU HOSPITAL,<br>MAIN LINE HOSPITALS, INC.<br>100 Lancaster Avenue<br>Wynnewood, PA 19096 | : <br> : <br> : <br> : | |
| Defendant | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Malika Coyette ("Plaintiff"), by and through her counsel, Kraemer Manes & Associates, brings this action against Defendant, Lankenau Hospital, Main Line Hospitals, Inc. ("Defendant"), for violations Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII"); and the Pennsylvania Human Relations Act 43 P.S. §§ 951 *et seq.* ("PHRA"). Plaintiff, by and through her undersigned counsel, alleges and avers that:

### PARTIES

1. Plaintiff, is an adult female individual who currently resides at the above referenced address and at all times relevant was an employee of Defendant.

2. Defendant is a corporation, duly existing under the laws of the Commonwealth of Pennsylvania and the United States of America, with a place of regular business at 100 Lancaster Avenue, Wynnewood, PA 19096, and at all times relevant was Plaintiff's employer.

3. At all times relevant, Defendant, agreed, accepted, adopted, acquiesced, and was otherwise bound by the actions, omissions, and conduct of its owners, officers, managers, employees, and agents.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction for Plaintiff's claims under Title VII are proper under Federal Question Jurisdiction, 28 U.S.C.A. § 1331 and jurisdiction for Plaintiff's claim of violation of PHRA is also proper under Supplemental Jurisdiction, 28 U.S.C.A. § 1367.

5. Venue is proper before the United States District Court for the Eastern District of Pennsylvania as Defendant regularly conducts business in the Eastern District of Pennsylvania. Additionally, all actions and omissions giving rise to Plaintiff's claims occurred in Montgomery County and thus the Eastern District of Pennsylvania.

6. Plaintiff administratively exhausted all of her claims and received a Notice of Right to Sue, dated November 8th, 2017. See Exhibit "A". plaintiff is bringing this action within ninety (90) days of receiving that Right to Sue letter.

## FACTS AND BACKGROUND

7. Plaintiff began working for Defendant in or around September of 2000 as a Nutrition Host.

8. Plaintiff suffers from a qualifying disability of asthma, which prevents her from performing daily life activities.

9. Since 2007 Plaintiff has been a qualified individual with a disability given that her asthma prevents her from performing everyday activities but, does not prevent her from performing the essential functions of a Nutrition Host.

10. At all relevant times, Defendant was fully aware and on notice of Plaintiff's disability.

11. Plaintiff had Progressive Corrective Intervention Records in her work file with Defendant, noting alleged "excessive call outs" – however, the application of this corrective

action was not sequential, uniform, and/or Defendant did not accurately enforce its policies.

12. On March 16, 2015 Plaintiff had an asthma attack, which required her to seek immediate medical treatment at Lankenau Hospital.

13. Plaintiff was treated for Dyspnea and Asthma by David Patchefsky, M.D, who issued Plaintiff an "Activity Restriction" that stated, "Do not work today."

14. Plaintiff took the "Activity Restriction" to her manager and was told to go home.

15. Later that day, Plaintiff received a phone call informing her to not report to work until further notice by management.

16. Plaintiff was then informed that she should report to work on March 18, 2015, and to report directly to Human Resources.

17. Plaintiff was told that her incident on March 16, 2015 was considered a call out and given Plaintiff's alleged excessive call outs, this incident allowed for termination under the Defendants attendance policy.

18. In essence, Defendant terminated Plaintiff for being prescribed a restriction/day off by a physician due to her asthma.

## COUNT I
### Disability Discrimination and Retaliation
### *Americans with Disabilities Act (ADA) of 1990, 42 USCA §12101*
### Malika Coyette v. Lankenau Hospital, Main Line Hospitals, Inc

19. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

20. Plaintiff is a member of one or more protected classes as she is a qualified individual with a disability.

21. Defendant is an employer under the ADA because it is an organization and/or agency engaged in industry affecting commerce that has twenty (20) or more employees for each

3

working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

2018 FEB -6 ⊃ 5 45

22. At all relevant times, Defendant was fully aware and on notice of Plaintiff's disability.

23. Plaintiff's medical emergency on March 16, 2015, was treated and documented by a doctor who is also an employee of Defendant.

24. Defendant exercised an adverse and retaliatory employment action against Plaintiff by terminating Plaintiff based in whole, or in part upon her disability or perceived disability.

25. These circumstances give rise to an inference of disability discrimination.

26. Defendant's conduct constitutes unlawful disability discrimination pursuant to the Americans with Disabilities Act (ADA) of 1990.

27. As a direct and proximate result of Defendant's discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay, loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff, Malika Coyette, demands relief from Defendant in the form of compensatory damages, equitable relief, costs of litigation, attorney's fees, and all other relief deemed just and proper by the Court.

## COUNT II
## Disability Discrimination and Retaliation
### *Pennsylvannia Human Relations Act("PHRA"), 43 P.S. §953*
### Malika Coyette v. Lankenau Hospital, Main Line Hospitals, Inc

28.   Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

29.   Defendant is an employer under the PHRA pursuant to 43 P.S. §954(b) because it "employ[s] four or more persons within the Commonwealth . . . ."

30.   Plaintiff is an employee under PHRA pursuant to 43 P.S. §954(c) because she is employed by the Defendant.

31.   At all relevant times hereto, Defendant knew or should have known that Plaintiff was a qualified individual who performed all the essential functions of her position as a Nutrition Host.

32.   Plaintiff's medical emergency on March 16, 2015, was treated and documented by a doctor who is also an employee of Defendant.

33.   Plaintiff engaged in the protected activity of obtaining a doctor's note which excused her form work on March 16, 2015.

34.   Defendant exercised an adverse, and retaliatory employment action against Plaintiff by terminating Plaintiff on March 18, 2015 based in whole, or in part upon her disability or perceived disability.

35.   These circumstances further give rise to an inference of disability discrimination.

36.   Defendant's conduct constitutes unlawful disability discrimination pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 953.

37.   As a direct and proximate result of Defendant's discrimination, Plaintiff has been deprived economic and non-economic benefits including, but not limited to, back pay, front pay,

loss of opportunity for advancement, loss of opportunity for pay raise, painful embarrassment among family, friends, and co-workers, mental anguish, alienation from society, harm to reputation, and the loss of enjoyment of the ordinary pleasures of life.

**WHEREFORE,** Plaintiff, Malika Coyette, demands relief from Defendant in the form of compensatory damages, equitable relief, costs of litigation, attorney's fees, and all other relief deemed just and proper by the Court.

        Respectfully submitted,

        **KRAEMER, MANES & ASSOCIATES LLC**

        By:_____
        Anthony Giletto, Esquire
        PA ID No.: 318080
        1628 JFK Boulevard
        Philadelphia., PA 19102
        (215) 475-3516 (p)
        *Attorney for Plaintiff, Malika Coyette*

Date: February 6, 2018